**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RICARDO WILLIAMS,

          Plaintiff,

v.

CITY OF ST. LOUIS, VERNON BETTS,
JEFF CARSON, JIMMIE EDWARDS,
and DALE GLASS,

          Defendants.

Cause No. 4:21-cv-00140

**JURY TRIAL DEMANDED**

**COMPLAINT**

      COMES NOW, Plaintiff Ricardo Williams, by and through his undersigned counsel, and brings this Complaint for damages against Defendants City of St. Louis, Vernon Betts, Jeff Carson, Jimmie Edwards, and Dale Glass, and states as follows:

**PARTIES**

      1.      Plaintiff Ricardo Williams, at all times relevant to this lawsuit, was a resident of the City of St. Louis in Missouri.

      2.      Defendant City of St. Louis is a municipal corporation in the State of Missouri.

      3.      Defendant Vernon Betts is the Sheriff of the City of St. Louis.  Defendant Betts is named in his individual capacity.

      4.      Defendant Jeff Carson is the Superintendent of the St. Louis Medium Security Institution.  Defendant Carson is named in his individual capacity.

      5.      Defendant Jimmie Edwards is the Director of the Department of Public Safety of the City of St. Louis.  Defendant Edwards is named in his individual capacity.

      6.      Defendant Dale Glass is the Commissioner of the Division of Corrections of the

City of St. Louis.  Defendant Glass is named in his individual capacity.

7.      Defendants are now and, at all times relevant to this lawsuit, were residents or municipal entities of the State of Missouri.

## JURISDICTION AND VENUE

8.      This lawsuit is a civil action arising under the Constitution of the United States of America and Missouri law.

9.      The causes of action for this lawsuit arose in the City of St. Louis in Missouri, which is in the territorial jurisdiction of the Federal District Court of the Eastern District of Missouri.

10.     The Federal District Court of the Eastern District of Missouri has original jurisdiction over the claims arising under the United States Constitution pursuant to 28 U.S.C. § 1331.

11.     The Federal District Court of the Eastern District of Missouri has supplemental jurisdiction over the claim arising under Missouri law pursuant to 28 U.S.C. § 1367.

12.     Venue is appropriate in the Federal District Court of the Eastern District of Missouri pursuant to 28 U.S.C. § 1391.

## FACTS

13.     In or around May 2018, police officers with the St. Louis Metropolitan Police Department arrested Plaintiff Ricardo Williams.

14.     Plaintiff was charged with one misdemeanor by the City of St. Louis Circuit Attorney's Office.

15.     Plaintiff was held at the St. Louis Medium Security Institution pending trial on a bond he could not afford to pay.

16.     Plaintiff was represented in his criminal case by the St. Louis City Public Defender's Office.

17.     On August 27, 2018, Plaintiff's case was dismissed by the court.

18.     Despite his charges being dismissed, Plaintiff remained in the St. Louis Medium Security Institution.

19.     In or around October 2018, Plaintiff was moved from the St. Louis Medium Security Institution to the St. Louis City Justice Center.

20.     Plaintiff was eventually released on or after October 3, 2018, without anyone telling him that he was detained despite his case being dismissed.

21.     On or around November 2019, Plaintiff first learned that he was detained until October 2018 in St. Louis correctional facilities despite his charge being dismissed on August 27, 2018.

22.     For the duration of Plaintiff's stay at the Medium Security Institution, Plaintiff was subjected to poor conditions of confinement.

23.     Plaintiff had to reside in housing units where mold was visibly and obviously present on walls and ceilings.

24.     Plaintiff was subjected to disease and unhygienic outbreaks, including scabies and lice outbreaks.

25.     Plaintiff was subjected to the obvious presence of asbestos insulation visible around pipes throughout the Medium Security Institution.

26.     Plaintiff was subjected to obvious bug and animal infestations.

27.     Plaintiff was subjected to obviously unsafe temperature regulation, including extreme hot and cold temperatures, at the Medium Security Institution.

28.     Defendants Carson, Edwards, and Glass have or had a responsibility to maintain safe conditions for people detained at the St. Louis City Medium Security Institution.

29.     Defendants Betts, Carson, Edwards, and Glass have or had a responsibility to determine when people are supposed to be released from the custody of Defendant City of St. Louis and to provide for their immediate release.

30.     Defendants have or had the responsibility to set policies, direct staff training, and establish patterns or practices of the City of St. Louis with respect to the incarceration and release of innocent citizens.

31.     Aside from Plaintiff, other people residing in correctional facilities in St. Louis City were unlawfully detained after charges had been dropped against them, including other clients of the Missouri State Public Defender System.

32.     The Office of the Missouri State Public Defender for the City of St. Louis informed Defendants that people were being wrongfully detained in correctional facilities in St. Louis City.

33.     Defendants knew that innocent citizens were wrongfully imprisoned in the City of St. Louis.

34.     Defendants knew that they had failed to establish effective release procedures to ensure that Plaintiff and other similarly situated innocent citizens would not be wrongfully incarcerated.

35.     Defendants knew that they had failed to properly train staff to ensure that Plaintiff and other similarly situated innocent citizens would not be wrongfully incarcerated.

36.     Defendants knew that they had established a pattern or practice by which innocent citizens are wrongfully detained in St. Louis jails.

37.     Defendants' failure to establish effective release procedures caused Plaintiff to be

wrongfully incarcerated.

38.     Defendants' failure to properly train staff caused Plaintiff to be wrongfully incarcerated.

39.     Defendants' establishment of a pattern or practice by which innocent citizens are wrongfully detained in City of St. Louis jails caused Plaintiff to be wrongfully incarcerated.

40.     Defendants' actions wrongfully deprived Plaintiff of his freedom and due process.

41.     Defendants have or had the responsibility to set policies, direct staff training, and establish patterns or practices of the City of St. Louis with respect to maintaining safe and sanitary conditions at the St. Louis Medium Security Institution and preventing pre-trial detainees from being punished.

42.     Defendants knew that the conditions at the St. Louis Medium Security Institution were unsafe and unsanitary, including the presence of mold, asbestos, disease and unhygienic outbreaks, large bug infestations, rodent infestations, and unsafe temperature regulation.

43.     Defendants knew that they had failed to establish effective procedures to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsafe and unsanitary conditions and punishment.

44.     Defendants knew that they had failed to properly train staff to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsafe and unsanitary conditions and punishment.

45.     Defendants knew that they had established a pattern or practice by which pre-trial detainees are subjected to unsafe and unsanitary conditions and punishment.

46.     Defendants' failure to establish effective procedures to maintain safe and sanitary jail conditions caused Plaintiff to be subjected to punishment as a pre-trial detainee.

47.     Defendants' failure to properly train staff caused Plaintiff to be subjected to punishment as a pre-trial detainee.

48.     Defendants' establishment of a pattern or practice by which pre-trial detainees are subjected to unsafe and unsanitary jail conditions caused Plaintiff to be wrongfully punished.

49.     Defendants' actions wrongfully deprived Plaintiff of his right to be free from punishment as a pre-trial detainee.

50.     Defendants' actions caused Plaintiff physical harm.

51.     Defendants' actions caused Plaintiff severe emotional distress.

## COUNT I: VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983

52.     Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

53.     Count I applies to Defendants Betts, Carson, Edwards, and Glass, referred to as "Defendants" in Paragraphs 54-62.

54.     Plaintiff was incarcerated for at least thirty-seven days after the criminal charge against him was dismissed.

55.     Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

56.     Defendants failed to release Plaintiff from his imprisonment when his charge was dismissed.

57.     Defendants were directly responsible for depriving Plaintiff of his freedom.

58.     Defendants acted under color of state law.

59.     Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure of his person.

60.     Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

61.     In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

62.     Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT II: VIOLATION OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS UNDER 42 U.S.C. § 1983

63.     Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

64.     Count II applies to Defendants Betts, Carson, Edwards, and Glass, referred to as "Defendants" in Paragraphs 65-73.

65.     Plaintiff was incarcerated for at least thirty-seven days after the criminal charge against him was dismissed.

66.     Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

67.     Defendants failed to release Plaintiff from his imprisonment when his charge was dismissed.

68.     Defendants were directly responsible for depriving Plaintiff of his freedom.

69.     Defendants acted under color of state law.

70.     Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights by depriving him of his freedom without due process of law.

71.     Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

72.     In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

73.     Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT III: VIOLATION OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO SANITARY JAIL CONDITIONS AND TO BE FREE FROM PRE-TRIAL PUNISHMENT UNDER 42 U.S.C. § 1983

74.     Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

75.     Count III applies to Defendants Carson, Edwards, and Glass, referred to as "Defendants" in Paragraphs 76-94.

76.     Plaintiff was incarcerated for several months at the St. Louis Medium Security Institution in 2018.

77.     During his stay at the Medium Security Institution, Defendants subjected Plaintiff to continuous unsanitary conditions.

78.     Plaintiff was forced to stay in a mold-infested facility.

79.     Plaintiff was forced to stay in a bug-infested facility.

80.     Plaintiff was forced to stay in a rodent-infested facility.

81.     Plaintiff was forced to stay in a facility lacking safe temperature regulation and was

subjected to extreme cold and heat.

82.     Plaintiff was subjected to disease and unhygienic outbreaks due to the unsanitary conditions of the Medium Security Institution.

83.     Plaintiff's conditions of confinement were unsanitary.

84.     Plaintiff's conditions of confinement posed a health and safety risk to Plaintiff.

85.     Defendants knew about these unsanitary conditions at the Medium Security Institution.

86.     Maintaining an unsanitary facility furthered no legitimate governmental purpose.

87.     Maintaining an unsanitary facility amounted to impermissible punishment of Plaintiff, who was a pre-trial detainee.

88.     Defendants failed to alleviate these unsanitary conditions of confinement during Plaintiff's stay at the Medium Security Institution.

89.     Defendants were directly responsible for depriving Plaintiff of his right to be free from punishment.

90.     Defendants acted under color of state law.

91.     Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights by subjecting him to unsanitary conditions for several months.

92.     Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

93.     In addition to wrongfully depriving Plaintiff of his right to be free from punishment, Defendants caused Plaintiff physical harm.

94.     Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and

reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT IV: FALSE IMPRISONMENT
## UNDER MISSOURI STATE LAW

95.     Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

96.     Count IV applies to Defendants Betts, Carson, Edwards, and Glass, referred to as "Defendants" in Paragraphs 97-103.

97.     Plaintiff was incarcerated for at least thirty-seven days after the criminal charge against him was dismissed.

98.     Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

99.     Defendants failed to release Plaintiff from his imprisonment when his charge was dismissed.

100.    Defendants had no legal justification to confine Plaintiff after his charge was dismissed.

101.    Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others.

102.    In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

103.    Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court

deems just and proper.

## COUNT V: FAILURE TO ESTABLISH POLICIES TO ENSURE CITIZENS WOULD NOT BE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

104.    Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

105.    Count V applies to all Defendants named in this Complaint.

106.    Plaintiff was incarcerated for at least thirty-seven days after the criminal charge against him was dismissed.

107.    Defendants failed to release Plaintiff from his imprisonment when his charge was dismissed.

108.    Defendants acted under color of state law.

109.    Defendants failed to use their authority to establish policies to ensure that Plaintiff and other similarly situated innocent citizens would be released from imprisonment when criminal charges were dismissed.

110.    Defendants' failure to establish effective policies caused the violation of Plaintiff's civil rights, as detailed in Counts I and II above.

111.    Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

112.    In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

113.    Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court

deems just and proper.

## COUNT VI: FAILURE TO TRAIN STAFF TO ENSURE CITIZENS WOULD NOT BE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

114.    Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

115.    Count VI applies to all Defendants named in this Complaint.

116.    Plaintiff was incarcerated for at least thirty-seven days after the criminal charge against him was dismissed.

117.    Defendants failed to release Plaintiff from his imprisonment when his charge was dismissed.

118.    Defendants acted under color of state law.

119.    Defendants failed to use their authority to properly train staff members to ensure that Plaintiff and other similarly situated innocent citizens would be released from imprisonment when criminal charges were dismissed.

120.    Defendants' failure to properly train other staff members caused the violation of Plaintiff's civil rights, as detailed in Counts I and II above.

121.    Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

122.    In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

123.    Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court

deems just and proper.

## COUNT VII: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY CITIZENS ARE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

124.   Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

125.   Count VII applies to all Defendants.

126.   Plaintiff was incarcerated for at least thirty-seven days after the criminal charge against him was dismissed.

127.   Defendants failed to release Plaintiff from his imprisonment when his charge was dismissed.

128.   Defendants acted under color of state law.

129.   Defendants, using their authority, have established a pattern or practice whereby Plaintiff and other similarly situated innocent citizens are kept imprisoned even when criminal charges are dismissed.

130.   Defendants' establishment of this pattern or practice caused the violation of Plaintiff's civil rights, as detailed in Counts I and II above.

131.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

132.   In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

133.   Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court

deems just and proper.

## COUNT VIII: FAILURE TO ESTABLISH POLICIES TO ENSURE PRE-TRIAL DETAINEES WOULD NOT BE SUBJECTED TO UNSANITARY CONDITIONS AND PUNISHED UNDER 42 U.S.C. § 1983

134.     Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

135.     Count VIII applies to all Defendants.

136.     Plaintiff was incarcerated for several months at the St. Louis Medium Security Institution.

137.     During Plaintiff's incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, rodent infestations, disease and unhygienic outbreaks, unsafe temperature regulation, asbestos, and sewage water.

138.     Defendants acted under color of state law.

139.     Defendants failed to use their authority to establish policies to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsanitary conditions and punishment.

140.     Defendants' failure to establish effective policies caused the violation of Plaintiff's civil rights, as detailed in Count III above.

141.     Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

142.     In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

143.     Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and

reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT IX: FAILURE TO TRAIN STAFF TO ENSURE PRE-TRIAL DETAINEES WOULD NOT BE SUBJECTED TO UNSANITARY CONDITIONS AND PUNISHED UNDER 42 U.S.C. § 1983

144.    Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

145.    Count IX applies to all Defendants.

146.    Plaintiff was incarcerated for several months at the St. Louis Medium Security Institution.

147.    During Plaintiff's incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, rodent infestations, disease and unhygienic outbreaks, unsafe temperature regulation, asbestos, and sewage water.

148.    Defendants acted under color of state law.

149.    Defendants failed to use their authority to properly train staff members to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsanitary conditions and punishment.

150.    Defendants' failure to properly train other staff members caused the violation of Plaintiff's civil rights, as detailed in Count III above.

151.    Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

152.    In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

15

153.    Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT X: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY PRE-TRIAL DETAINEES ARE SUBJECTED TO UNSANITARY CONDITIONS AND PUNISHED UNDER 42 U.S.C. § 1983

154.    Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

155.    Count X applies to all Defendants.

156.    Plaintiff was incarcerated for several months at the St. Louis Medium Security Institution and was never convicted.

157.    During Plaintiff's incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, rodent infestations, disease and unhygienic outbreaks, unsafe temperature regulation, asbestos, and sewage water.

158.    Defendants acted under color of state law.

159.    Defendants, using their authority, have established a pattern or practice whereby Plaintiff and other similarly situated pre-trial detainees are subjected to unsanitary conditions and punishment.

160.    Defendants' establishment of this pattern or practice caused the violation of Plaintiff's civil rights, as detailed in Count III above.

161.    Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

16

162.    In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

163.    Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By:    */s/Patrick A. Hamacher*
Patrick A. Hamacher  #63855MO
211 N. Broadway, Suite 2950
St. Louis, MO  63102
314-241-1919 phone
314-665-3017 fax
hamacher@ngklawfirm.com


/s/ *Elad Gross*
Elad Gross       #67125MO
5653 Southwest Ave.
St. Louis, MO 63139
314-753-9033 phone
Elad.J.Gross@gmail.com

17