**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RICARDO WILLIAMS,                    )
                                     )
      Plaintiff,                   )
                                     )
v.                                   )   Case No. 4:21 CV 140 CDP
                                     )
CITY OF ST. LOUIS, et al.,           )
                                     )
      Defendants.                  )

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on defendants' motion to dismiss plaintiff Ricardo Williams' First Amended Complaint. (Doc. 18). The motion has been fully briefed and, for the reasons set out below, the Court will grant in part and deny in part defendants' motion.

## I.     FACTUAL BACKGROUND[1]

In May 2018, plaintiff was arrested by defendant City of St. Louis's (the City) Metropolitan Police Department and charged with one misdemeanor by the City's Circuit Attorney's Office.  He was represented by the St. Louis City Public Defender's Office and held at the St. Louis Medium Security Institution (MSI) pending trial on a bond he could not afford to pay.  On August 27, 2018, plaintiff's case was dismissed by the court.  However, he was not released from custody and was instead transferred to the St. Louis City Justice Center (Justice Center) in October of 2018.  Plaintiff was eventually released from custody on October 3, 2018, without any notification that he was detained after dismissal of his case.  Plaintiff learned of his delayed release in November 2019.

---

[1] The Court draws these facts from plaintiff's allegations in the First Amended Complaint. (Doc. 14).  In so doing, the Court, as it must, liberally construes the complaint in favor of plaintiff and draws all reasonable inferences in his favor. *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010); *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020).

On February 3, 2021, plaintiff brought this action, which stems from his thirty-seven day detention at MSI and the Justice Center after dismissal of charges. Plaintiff filed an Amended Complaint on May 3, 2021.  (Doc. 14).  Plaintiff sues the City and the following defendants in their individual capacities: Vernon Betts, the Sheriff of the City; Jeff Carson, the Superintendent of the City's Medium Security Institution ("MSI"); Jimmie Edwards, the former Director of the City's Department of Public Safety; and Dale Glass, the Commissioner of the City's Division of Corrections (collectively referred to herein as "the individual defendants").

The Amended Complaint alleges that the individual defendants kept plaintiff incarcerated before and after his charges were dismissed; the individual defendants kept him incarcerated in unsanitary conditions at MSI; and, the individual defendants failed to inform him and failed to ensure he was informed that his charges were dismissed and that he was being detained despite his charges being dismissed. The Amended Complaint also alleges the City and individual defendants knew or should have known that plaintiff was incarcerated despite the charges being dismissed and being held in unsanitary conditions, and concealed from plaintiff the fact that he was incarcerated despite his charges being dismissed.

The Amended Complaint further alleges that the City and individual defendants had a duty to ensure plaintiff's rights were not violated while he was within their custody; had a duty to inform plaintiff he had been wrongfully imprisoned because they had superior information regarding plaintiff's incarceration not reasonably available to plaintiff; have a responsibility to determine when people are supposed to be released from the custody of the City and to provide for their immediate release; and, that they have a duty to ensure that plaintiff and other pre-trial detainees are not subjected to unsanitary conditions and punishment while awaiting trial. Plaintiff also alleges the City and individual defendants have or had the responsibility to set policies, direct staff

2

training, and establish patterns or practices of the City with respect to the incarceration of individuals, the release of individuals entitled to release, and the conditions of confinement at MSI.

The Amended Complaint alleges that, aside from plaintiff, other people residing in corrections institutions in the City were unlawfully detained after charges had been dropped against them, including clients of the Missouri State Public Defender System, and were subject to unsanitary conditions at MSI. The Amended Complaint further alleges the Office of the Missouri State Public Defender for the City of St. Louis informed the City and individual defendants that people were being wrongfully incarcerated in correctional facilities in St. Louis City. Finally, Plaintiff alleges that actions of the City and individual defendants caused him physical harm and severe emotional distress.

Plaintiff's Amended Complaint asserts fourteen counts alleging federal and state law claims against the City and individual defendants.  (Doc. 14).  Counts I, II, V, VI, and VII are brought pursuant to 42 U.S.C. § 1983 and assert that the individual defendants violated plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments (Counts I and II) and that plaintiff was harmed because the City and individual defendants failed to establish policies; failed to train staff; and had a pattern or practice of wrongful imprisonment (Counts V, VI, and VII).  Count III asserts that the individual defendants violated plaintiff's fifth and fourteenth amendment rights by subjecting him to unsanitary jail conditions amounting to pre-trial punishment.  Counts VIII, IX and X allege that plaintiff was harmed because the City and individual defendants failed to establish policies; failed to train staff; and had a pattern or practice of subjecting pretrial detainees to unsanitary jail conditions. The remaining counts are state law claims against the individual defendants for false imprisonment (Count IV) and negligent false imprisonment (Count XIV) and against the City and individual defendants for intentional misrepresentation (Count XI), negligent

3

misrepresentation (Count XII), and fraudulent concealment (Count XIII).

## II.    LEGAL STANDARD

In the instant motion, the City and individual defendants have moved to dismiss all counts under Fed. R. Civ. P. 12(b)(6).  Plaintiff opposes the motion.  For a plaintiff to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  The Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

Although courts must accept all factual allegations as true, they are not bound to accept as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.  And, "factual allegations must be enough to raise a right to relief above the speculative level."  *Torti v. Hoag,* 868 F.3d 666, 671 (8th Cir. 2017) (citation omitted).

## III.    DISCUSSION

Defendants argue that plaintiff fails to state plausible claims under §1983 and state law for false imprisonment, negligent false imprisonment, and fraud.  Defendants also argue that plaintiff's

false imprisonment claims are time-barred.

### A. PLAINTIFF'S § 1983 CLAIMS

To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law; and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

A plaintiff pursuing a claim against individuals under §1983 must "allege facts supporting any individual defendant's personal involvement or responsibility for the violations" alleged. *Ellis v. Norris,* 179 F.3d 1078, 1079 (8th Cir. 1999). "To establish personal liability of the supervisory defendants, [plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

"Respondeat superior is not applicable to § 1983 claims." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam). Thus, for example, "a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement," which is required to state a § 1983 claim against an individual defendant. *Id.* However, the supervisory employee "might be liable if [he] had made policy decisions resulting in the alleged unconstitutional conditions." *Id.* Under § 1983, a supervisor may be held liable for constitutional violations caused by his or her "failure to properly supervise and train the offending employee." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014). As one court has put it,

> Individual liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights . . . . For a supervising officer to be liable under § 1983 for the constitutional violation of a subordinate based on a failure to supervise . . . the supervisor must have demonstrated deliberate indifference or tacit authorization of the offensive acts.

*Doe HM v. City of Creve Coeur, Mo.*, 666 F. Supp. 2d 988, 997 (E.D. Mo. 2009) (citations

5

omitted).  "Proof of actual knowledge of constitutional violations is not . . . an absolute prerequisite for imposing supervisory liability . . . . [However, a] single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisory liability." *Howard v. Adkison*, 887 F.2d 134, 138 (8th Cir. 1989).

"A municipality [like the City] may be liable under § 1983 when an official municipal policy or custom caused a violation of a plaintiff's substantive due process rights."  *Russell v. Hennepin Cty.*, 420 F.3d 841, 846 (8th Cir. 2005) (citations omitted).  "[A] policy is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters."  *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).  "A municipal custom is a practice of municipal officials that is not authorized by written law, but which is so permanent and well-settled as to have the force of law."  *Russell*, 420 F.3d at 849.

"To establish a constitutional violation resulting from such a custom, a plaintiff must show that his alleged injury was caused by municipal employees engaging in a widespread and persistent pattern of unconstitutional misconduct that municipal policymakers were either deliberately indifferent to or tacitly authorized."  *Id.*  Likewise, "municipal liability for . . . failure to supervise . . . requires proof that the failure amounts to deliberate indifference to the rights of persons with whom the employee comes into contact," and that the "municipal inaction [is] the moving force behind the constitutional violation."  *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).  "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train."  *Id.*

> **1.  § 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS (COUNTS I, II, III, V, VI, VII, VIII, IX and X)**

In moving to dismiss plaintiff's §1983 claims, the individual defendants argue that Counts

II and III, which assert violations under the Fifth and Fourteenth Amendments for wrongful imprisonment and unsanitary jail conditions, fail as a matter of law because a Fifth Amendment claim can only be brought against federal actors. The Court agrees. In Counts II and III, plaintiff alleges the individual defendants are City employees. The Fifth Amendment's Due Process Clause applies only to the federal government. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law.") (cleaned up); *Hess v. Ables*, 714 F.3d 1048, 1053 (8th Cir. 2013) (a Fifth Amendment claim is unsustainable against non-federal government defendants); *Warren v. Gov't Nat'l. Mortg. Ass'n.*, 611 F.2d 1229, 1232 (8th Cir. 1980) (the Due Process Clause of the Fifth Amendment applies to the federal government, while the Fourteenth Amendment Due Process Clause applies to the States). Counts II and III are accordingly dismissed to the extent they allege fifth amendment violations.

Moreover, the Fourth Amendment—not the Fourteenth Amendment—governs claims involving prolonged detention of a pretrial detainee as alleged in Count II. *Manuel v. City of Joliet*, 137 S. Ct. 911, 917-20 (2017). Since *Manuel*, the Eighth Circuit Court of Appeals has recognized that "when a more specific constitutional provision like the Fourth Amendment applies, the substantive-due-process claim falls away." *Matthews v. McNeil*, 821 F. App'x 666, 667 n.3 (8th Cir. 2020) (unpublished); *Johnson v. McCarver,* 942 F.3d 405, 410-11 (8th Cir. 2019) (explaining that under *Manuel,* "[a]ny" pretrial deprivation of liberty "is governed by the Fourth Amendment," not the Due Process Clause). Because Count I of plaintiff's Amended Complaint already states a fourth amendment claim arising from plaintiff's prolonged incarceration, Count II (to the extent construed as a standalone claim arising under the Fourteenth Amendment) will be dismissed as

duplicative of Count I.

However, the Fourteenth Amendment's Due Process Clause does apply to plaintiff's pretrial detainee's claims concerning his conditions of confinement. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020). "Due Process requires that a pretrial detainee not be punished." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). Count III is therefore not subject to dismissal for that reason.

The individual defendants further argue that plaintiff's federal claims should be dismissed because the Amended Complaint fails to plausibly allege that the individual defendants were personally involved in violating plaintiff's rights. The Eighth Circuit and at least one district court in our circuit have suggested that supervisory employees, like the individual defendants in this case, can be held to answer § 1983 claims stemming from prolonged detention where there are allegations (or evidence) that the supervisory employees had actual or constructive knowledge that the wrongfully detained person was entitled to be released. *See, e.g., Davis v. Hall*, 375 F.3d 703, 716 (8th Cir. 2004) (affirming the denial of summary judgment on § 1983 claims for prolonged incarceration as to those defendants who "were on notice that [the wrongfully detained person] was entitled to be released"); *Payne v. City of Saint Louis, Missouri*, No. 4:17-CV-01769-AGF, 2018 WL 583043, at *7 (E.D. Mo. Jan. 29, 2018) (unpublished) (denying movants motion to dismiss based on the plaintiff's alleged 15-day wrongful detention after charges were dismissed). The same is true with respect to claims related to the conditions of confinement of MSI. *Id.*

In this case, plaintiff's Amended Complaint contains very few facts detailing the specific role each of the individual defendants played in his prolonged incarceration. However, at the motion to dismiss stage, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory"

8

and, to meet that standard, need only contain "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Twombly*, 550 U.S. at 556 & 562 (emphasis omitted). When the Court accepts, as it must, the plaintiff's factual allegations as true and draws all reasonable inferences in favor of plaintiff, the Amended Complaint meets that standard.

The Amended Complaint alleges that the individual defendants are the City Sheriff, Superintendent of the City's Medium Security Institution, Director of the City's Department of Public Safety, and Commissioner of the City's Division of Corrections—individuals who are relatively high-level supervisory City officials with some connection, direct or indirect, to the facilities where plaintiff was incarcerated. The Amended Complaint further alleges the individual defendants had actual or constructive knowledge that plaintiff was incarcerated despite having had his charges dismissed and the Office of the Missouri State Public Defender for the City of St. Louis informed the individual defendants that people were being wrongfully incarcerated in correctional facilities in St. Louis City. While the paucity of specific facts makes this a close question, with respect to plaintiff's wrongful incarceration and related supervisory claims (Counts I, V, VI, and VII), a reasonable inference can be drawn based on the limited record that the individual defendants named in these Counts were on notice of and deliberately indifferent to or authorized the violations alleged. *See McKinney v. City of St.* Louis, No. 4:21-CV-139-JCH, 2022 WL 2104025, at *5 (E.D. Mo. June 10, 2022); *Berry v. City of St. Louis*, No. 4:21-CV-132-SPM, 2022 WL 2064605, at *5 (E.D. Mo. June 8, 2022)

Likewise, with respect to plaintiff's conditions of confinement and related supervisory claims (Counts III, VIII, IX, and X), it is not implausible that the individual defendants were responsible for the policy decisions that created the conditions alleged by plaintiff to be unconstitutional. *See*

*Payne*, 2018 WL 583043, at *7 (citing *Chapman v. Simon*, No. 4:05-CV-2334-TCM, 2006 WL 335507, at *2 (E.D. Mo. Feb. 13, 2006)) ("[B]oth the director of the government department that is charged with management of the MSI and the MSI superintendent may be held liable for policy decisions that create unconstitutional conditions.").

To the extent that defendants argue that plaintiff has failed to state a claim that the conditions of his confinement at MSI violated his constitutional rights, the "standard applicable to conditions of confinement claims by pretrial detainees is whether conditions amount to punishment of the detainee, for, under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Hall v. Ramsey Cty.*, 801 F.3d 912, 919 (8th Cir. 2015) (cleaned up). The standard depends on the totality of the circumstances, with a focus on "the length of [the detainee's] exposure to unsanitary conditions and how unsanitary the conditions were." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). "Conditions, such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months." *Howard v. Adkinson*, 887 F.2d 134, 137 (8th Cir. 1989).

Here, plaintiff alleges that while held at MSI he had to reside in mold-infested cells and was subjected to asbestos, bug and animal infestations, scabies and lice outbreaks, and extreme hot and cold temperatures. At this early stage of the proceedings, given the fact-specific nature of plaintiff's claims, which may depend, for example, on the severity and duration of the mold and/or insect infestation, the Court cannot say that plaintiff fails to state claims based on his conditions of confinement as a matter of law. *See Payne*, 2018 WL 583043, at *5 (denying motion to dismiss for failing to state a claim based on pretrial detainee's conditions of confinement at MSI; plaintiff alleged that she was subject to mold-infested facility with bug infestation and lice).

The individual defendants argue, in the alternative, that the federal claims against them should be dismissed because they are entitled to qualified immunity. The United States Supreme

Court has held:

> The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known. The dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. ***The qualified immunity analysis thus is limited to the facts that were knowable to the defendant officers at the time they engaged in the conduct in question***. Facts an officer learns after the incident ends—whether those facts would support granting immunity or denying it—are not relevant.

*Hernandez v. Mesa*, 137 S. Ct. 2003, 2007 (2017) (citations omitted) (emphasis added).  To determine whether a defendant is entitled to qualified immunity, the Court must "conduct a two-step inquiry: (1) whether the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the deprivation."  *Solomon v. Petray*, 795 F.3d 777, 786 (8th Cir. 2015).

In this case, the individual defendants have predicated their qualified immunity argument solely on their contention that they are not alleged to have been personally involved in any violation of plaintiff's rights.  However, as set out above, based on the limited record at this stage the Court disagrees. The individual defendants are not entitled to qualified immunity because, at the time of the events in this case, it was clearly established that an individual may not be detained after charges against him or her have been dismissed and may not be subject to punishment in the form of unsanitary jail conditions while a pretrial detainee.  *See Davis,* 375 F.3d at 712 (wrongful, prolonged incarceration)*; Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (conditions of confinement); *Payne*, 2018 WL 583043, at *8.

### 2.   *§ 1983 Claims Against the City (Counts V, VI, VII, VIII, IX & X)*

In moving to dismiss plaintiff's federal claims, the City argues that plaintiff has not established the existence of such policies, customs, or patterns with respect to his claims. In

evaluating a motion to dismiss, however, the question is what plaintiff has properly pleaded, not what he might ultimately prove. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (emphasis omitted).  This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556.

While the facts contained in the Amended Complaint are again relatively light, plaintiff has plausibly alleged that his rights not to be detained after charges against him were dismissed and not to be subject to punishment as a pretrial detainee were violated because of the hiring, training, supervision, policies, customs, and practices, or lack thereof, of the City.  He has further alleged that other individuals have been similarly wrongfully detained and subjected to unsanitary conditions at MSI and that the City was put on notice of those alleged detentions and conditions of pretrial confinement.  At this early stage in the litigation, the Court finds that plaintiff has stated a plausible claim for municipal liability.

### B.  PLAINTIFF'S STATE LAW CLAIMS

Regarding plaintiff's state law claims, (Counts IV, XIV, XI, XII, and XIII), the individual defendants contend that plaintiff's claims for false imprisonment and negligent false imprisonment should be dismissed as time-barred and because plaintiff has failed to plausibly allege that they exercised any personal control over plaintiff or encouraged, caused, promoted, or instigated his confinement in any way.  The City argues that plaintiff's fraud claims against it should be dismissed because it is entitled to sovereign immunity and plaintiff has failed to allege the City waived such immunity. The individual defendants argue plaintiff's Amended Complaint does not meet the heightened pleading requirements for fraud and, alternatively, that they owed no legal duty to

12

inform plaintiff of his wrongful imprisonment.

### 1. FALSE IMPRISONMENT CLAIMS: COUNTS IV AND XIV

Defendants contend that plaintiff's false imprisonment claims are governed by Mo. Rev. Stat. § 516.140, which prescribes a two-year statute of limitations for false imprisonment claims. According to defendants, plaintiff's claims accrued upon his release from jail on October 3, 2018. Because plaintiff did not file this action until February 3, 2021, 124 days after the two-year statute of limitations expired, defendants claim that plaintiff's false imprisonment claims should be dismissed as untimely.

"A court may consider a statute of limitations argument at the motion to dismiss stage only if it appears from the face of the complaint that the limitations period has run and the complaint contains no facts to toll that running." *Bishop v. DeLaval Inc.*, 466 F. Supp. 3d 1016, 1022 (W.D. Mo. 2020). Under Missouri law, civil actions accrue under Mo. Rev. Stat. § 516.140 "when the damage resulting therefrom is sustained and is capable of ascertainment . . . ." Mo. Rev. Stat. § 516.100. Here, plaintiff has alleged that defendants concealed the fact of his illegal detention at the time of his release and that his wrongful incarceration was not capable of ascertainment until November of 2019. The Court concludes that plaintiff has adequately pleaded sufficient facts to toll the statute of limitations and survive dismissal of his false imprisonment claims on timeliness grounds at this time. Whether defendants may ultimately be entitled to dismissal of these claims on statute of limitations grounds is not before me at this stage of the proceedings.

For purposes of the false imprisonment claims, Missouri law provides that "public officers are not responsible for acts of subordinate officials, if such subordinates are themselves employees of the government, where there is no negligence on the part of such public officials in employing them, unless the superior officer has directed or encouraged or ratified such acts or has personally

13

co-operated therein." *State ex rel. Green v. Neill*, 127 S.W.3d 677, 679 (Mo. 2004).  Plaintiff must show:

> If the confinement is due to the defendant's negligence, the latter may be so liable, but the action is then governed by the rules and principles of the tort of negligence, according to which *the plaintiff is required to show actual damage*.  In other words, there can be no tort as a negligent false imprisonment that of itself makes the defendant liable without proof of the invasion of some interest other than the bare interest in freedom from confinement.

*Bramon v. U-Haul, Inc.*, 945 S.W.2d 676, 681 (Mo. Ct. App. 1997) (emphasis added).

For the same reasons discussed above, a reasonable inference can be drawn based on the limited record that the individual defendants in Count IV were on notice of and deliberately indifferent to or authorized the violations alleged.  Additionally, for plaintiff's negligent false imprisonment claim (Count XIV), construing the Amended Complaint in favor of plaintiff, it is plausible that plaintiff suffered actual damages, which means that the motion to dismiss must be dismissed at this time.  Whether plaintiff can ultimately prevail on these claims is not before me at this stage of the proceedings.  The motion to dismiss the false imprisonment claims is denied.

## 2. *FRAUD CLAIMS: COUNTS XI, XII, and XIII*

Fed. R. Civ. P. 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  The Supreme Court has explained: "Rule 8(a)'s simplified pleading standard applies to all civil actions, [but] Rule 9(b) . . . provides for greater particularity in all averments of fraud or mistake." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002); *see also Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005) (discussing heightened pleading requirements and quoting *Sierkiewicz*). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent

acts, including when the acts occurred, who engaged in them, and what was obtained as a result."
*United States ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006). In other
words, federal law requires that the claim contain "the who, what, when, where, and how: the first
paragraph of any newspaper story." *Great Plains Trust Co. v. Union Pac. R.R. Co .,* 492 F.3d 986,
995 (8th Cir. 2007) (internal quotation omitted).

After taking the allegations contained in plaintiff's Amended Complaint as true and drawing
all reasonable inferences in his favor, the Court agrees with defendants that plaintiff has failed to
allege with any specificity the particular circumstances constituting defendants' allegedly
fraudulent conduct. Plaintiff's Amended Complaint merely alleges in broad, conclusory
allegations that all defendants perpetrated fraud. For example, Count XI provides the following:

188. Due to Defendants' actions or inactions, Plaintiff was incarcerated for at least
fourteen days after the criminal charges against him were dismissed.

189. By continuing to incarcerate Plaintiff after criminal charges were dismissed,
Defendants represented to Plaintiff that he was legally incarcerated.

190. Defendants made this representation with the intention that Plaintiff would rely
on their representation.

191. Defendants' representation was false.

192. Defendants knew or were ignorant of the truth.

193. Defendants' representation was material to Plaintiff being wrongfully
imprisoned.

194. Plaintiff relied on the representation, and this reliance was reasonable under the
circumstances.

195. Defendants fraudulently concealed from Plaintiff the fact that he was
wrongfully imprisoned in order to prevent Plaintiff from discovering that he had a
legal claim against Defendants.

196. Defendants' misrepresentation delayed Plaintiff from filing suit against
Defendants.

15

(Doc. 14 at 19-20 ¶¶ 188-196 (Count XI)). Counts XII and XII follow the same format.

Rule 9(b) requires more than such conclusory and generalized allegations. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (explaining "[c]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy [Rule 9(b) ]" (quoting *Com. Prop. Inv. v. Quality Inns*, 61 F.3d 639, 644 (8th Cir.1995))); *see also U.S. ex rel. Costner v. United States*, 317 F.3d 883, 889 (8th Cir. 2003) (concluding the plaintiff's complaint was "not specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong" (citation omitted)).  Because the allegations in Counts XI, XII, and XIII fail to meet the pleading requirements, they will be dismissed without prejudice.

## IV.    CONCLUSION

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss (Doc. 18) is **GRANTED in part and DENIED in part**. Defendants' Motion to Dismiss is **GRANTED** to the extent that Counts II, XI, XII, and XIII are **dismissed,** and Count III is **dismissed only to the extent it asserts violations of the Fifth Amendment**.  Defendants' Motion is otherwise **DENIED**.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2022.

16